# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
                                       )
     v.                        )        ID No. 1501007191
                                         )
WILLIAM B. BAKER, )
                                         )
    Defendant.           )

Date Submitted: April 28, 2020
Date Decided:    May 29, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On September 21, 2015, Defendant pled guilty Robbery First Degree, Money Laundering, and two counts of Conspiracy Second Degree.[1] By Order dated January 8, 2016, effective January 14, 2015, Defendant was sentenced as follows: for Robbery First Degree, IN15-01-0767, 10 years at Level V, suspended after 6 years, for 4 years at Level IV (DOC Discretion), suspended after 6 months, for 18 months supervision Level III; and for Money Laundering, IN15-01-0761, 8 years at Level V, suspended after 2 years, for 18 months at supervision Level III; for Conspiracy Second Degree, IN15-01-0769, 2 years at Level V, suspended for 1 year

---

[1] D.I. 11.

at supervision Level III; and for Conspiracy Second Degree, IN15-01-0762, 2 years at Level V, suspended for 1 year at supervision Level III.[2]

2.  On April 28, 2020, Defendant filed this Motion, asking the Court to suspend the remaining Level V time of his sentence for Money Laundering, IN15-01-0761, and allow him to begin the Level IV portion of his sentence for Robbery First Degree, IN15-01-0767.[3]  In addition, Defendant asks the Court to modify the Level IV portion of his sentence to Level IV Home Confinement.[4]  In support of his Motion, Defendant cites:  (1) his potential exposure to COVID-19; (2) his participation in the Alternatives to Violence Program; (3) his ServSafe Certification; and (4) his American Traffic Safety Services Association Flagger Certification.[5]

3.  Superior Court Criminal Rule 35 governs motions for modification of sentence.  "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary

---

[2] D.I. 15.  IN15-01-0767is a mandatory minimum sentence of 3 years at Level V pursuant to 11 *Del. C.* § 832.  Probation is concurrent.

[3] D.I. 28.

[4] *Id.*

[5] *Id.*

circumstances.'"[6]  The Court will not consider repetitive requests for reduction or modification of sentence.[7]

4.  This is Defendant's second request to modify his sentence under Rule 35(b), and therefore, this Motion is barred as repetitive.[8]

5.  In addition, this Motion was filed well beyond 90 days from the imposition of Defendant's sentences, and it is therefore time-barred under Rule 35(b).

6.  The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[9] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[10] Mitigating factors that could have been presented at sentencing, exemplary

---

[6] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[7] Super. Ct. Crim. R. 35(b).

[8] *See* D.I. 19, 28.

[9] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[10] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

3

conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[11] Defendant has not set forth facts establishing "extraordinary circumstances."

7.    The Court finds Defendant's sentences are appropriate for all the reasons stated at the time of sentencing.  No additional information has been provided to the Court that would warrant a reduction of modification of these sentences.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification is **DENIED**.

*Jan R. Jurden*

---
Jan R. Jurden, President Judge


Original to Prothonotary

cc:    William B. Baker (SBI# 00414104)
        Jenna R. Milecki, DAG

---

[11] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).